J-S12038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PETER M. BENNETHUM, JR., :
:
Appellant : No. 1636 MDA 2018

Appeal from the Judgment of Sentence Entered August 31, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005108-2017

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 09, 2019**

Peter M. Bennethum, Jr. ("Bennethum"), appeals from the judgment of sentence imposed following his conviction of criminal trespass. ***See*** 18 Pa.C.S.A. § 3503(a)(1)(ii). Additionally, Samuel J. Mills, Esquire ("Attorney Mills"), has filed a Petition to Withdraw as counsel, and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We grant Attorney Mills's Petition to Withdraw, and affirm Bennethum's judgment of sentence.

On August 31, 2018, following a bench trial, Bennethum was convicted of criminal trespass. The trial court sentenced Bennethum to time served (339 days) to 23 months in prison, followed by 4 years of probation. Bennethum filed a timely post-sentence Motion, seeking, *inter alia*, modification of his sentence. The trial court denied Bennethum's post-sentence Motion.

Bennethum filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. On January

13, 2019, Attorney Mills filed a Petition to Withdraw as counsel, and an accompanying *Anders* Brief.

In the *Anders* Brief, Attorney Mills presents the following issue for our review:

> Whether the trial court erred and abused its discretion in imposing a sentence which included four (4) years of consecutive probation following a sentence of time[]served (339 days) to twenty-three (23) months and is excessive in nature, where the trial court failed to consider [Bennethum's] rehabilitative needs and the protection of society?

*Anders* Brief at 7.

We must first determine whether Attorney Mills has complied with the dictates of *Anders* in petitioning to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the [appellate] court.

*Commonwealth v. Burwell*, 42 A.2d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, Attorney Mills has complied with the requirements set forth in *Anders* by indicating that he reviewed the record and determined that Bennethum's appeal would be wholly frivolous. Further, the record contains a copy of the letter that Attorney Mills sent to Bennethum, informing him of Attorney Mills's intention to withdraw, and advising him of his right to proceed *pro se*, retain counsel, and file additional claims.[1]  Finally, Attorney Mills's *Anders* Brief meets the standards set forth in *Santiago*.  Because Attorney Mills has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Bennethum's appeal is, in fact, wholly frivolous.

---

[1] Bennethum did not file a *pro se* appellate brief, nor did he retain alternate counsel for this appeal.

Bennethum argues that the trial court imposed an excessive sentence by directing Bennethum to serve a consecutive 4-year probationary sentence, without considering his rehabilitative needs and the protection of the public. *See Anders* Brief at 18-19.

Bennethum challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (quotation marks and some citations omitted).

Here, Bennethum filed a timely Notice of Appeal, preserved his sentencing claim in a timely post-sentence Motion, and included a separate Rule 2119(f) Statement in the *Anders* Brief. Additionally, Bennethum's claim raises a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (concluding that a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider an appellant's rehabilitative

needs, presents a substantial question). Thus, we will consider the merits of his claim.

Our standard of review of a challenge to the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007).

The Sentencing Code provides that "the [trial] court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court must also consider the Sentencing Guidelines. ***See id.***; ***see also Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that "[w]hen imposing a sentence, the [trial] court is required to consider the sentence ranges set forth in the Sentencing Guidelines…."). Further, regarding probation, "Section 9754 of the Sentencing Code only mandates that a sentencing court keep a term of probation under the maximum term a defendant could be confined." ***Commonwealth v. Crump***, 995 A.2d 1280, 1284 (Pa. Super. 2010); ***see also*** 42 Pa.C.S.A. § 9754.

Here, at the time of sentencing, Bennethum's counsel stated that Bennethum had been receiving mental health treatment since approximately 2003, and argued that Bennethum could continue with treatment without court supervision. *See* N.T., 8/31/18, at 30. Bennethum also exercised his right of allocution, at which time he stated that the court could "trust [him] on not having to have a probationary tail and to actually do extraordinary things for the community and also for [himself] and [his] family." *Id.* at 31. Moreover, the trial court indicated, on the record, that it had considered the Sentencing Guidelines,[2] the Commonwealth's recommendation, and statements made by Bennethum and his counsel. *See id.* at 31-32. In its Opinion, the trial court noted that "by his own admission[, Bennethum] broke into the home of the victim …, which is a very serious crime." Trial Court Opinion, 11/16/18, at 3. Further, the trial court determined that the consecutive probationary term "best provided for the protection of the public and the rehabilitative needs of [Bennethum]." *Id.*

Our review confirms that the trial court properly considered all of the relevant statutory factors before sentencing Bennethum. *See* 42 Pa.C.S.A. § 9721(b); *see also Sheller*, *supra*. Additionally, Bennethum's probationary term is well below the statutory maximum sentence for criminal trespass, a

---

[2] Although Bennethum does not specifically challenge his sentence of time served, we note that the offense gravity score for criminal trespass is 4, and Bennethum's prior record score was 0. Thus, the Sentencing Guidelines recommend a standard-range sentence of restorative sanctions to 3 months in prison, plus or minus 3 months for the aggravated/mitigated range. *See* 204 Pa. Code § 303.16(a).

second-degree felony. **See** 42 Pa.C.S.A. § 9754; **see also** 18 Pa.C.S.A. § 1103(2) (authorizing a maximum sentence of 10 years in prison for a second-degree felony). Accordingly, we conclude that the trial court did not abuse its discretion by ordering Bennethum to serve a 4-year probationary term, consecutive to his sentence of time served. Thus, Bennethum's sentencing challenge fails.

Finally, our independent review of the record discloses no additional non-frivolous issues that Bennethum could raise on appeal. We therefore grant Attorney Mills's Petition to Withdraw, and affirm Bennethum's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/09/2019